IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Wims, *also known as* Timothy Derrinado Davis, *also known as* John Darren Delgado,<br><br>                    Petitioner,<br><br>v.<br><br>Warden, *FCI Edgefield*,<br><br>                    Respondent. | C/A No.  0:16-2302-RBH-PJG<br><br>**REPORT AND RECOMMENDATION** |

  The petitioner, Timothy Wims, a self-represented prisoner confined at Federal Correctional Institution ("FCI") Edgefield, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.  Factual and Procedural Background**

  Petitioner indicates that on May 10, 2006, in the United States District Court for the Northern District of Florida, he was sentenced to three hundred sixty months' imprisonment following his guilty plea to conspiracy to manufacture, distribute, and to possess with intent to manufacture and distribute more than five kilograms of cocaine and more than fifty grams of cocaine base. (ECF No. 1 at 1-2; ECF No. 1-1 at 3.) He claims that he was sentenced as a career offender pursuant to the United States Sentencing Guidelines § 4B1.1 based on two prior felony convictions for a crime of

violence.[1]  Petitioner indicates that the United States Court of Appeals for the Eleventh Circuit affirmed his conviction and sentence on February 21, 2007.  (Id. at 2.)  Petitioner then filed a motion pursuant to 28 U.S.C. § 2255, which the sentencing court denied on October 21, 2011.  (Id. at 4.)  Petitioner now seeks to file this § 2241 habeas petition to challenge his sentence, arguing that his "sentencing enhancement as a career offender is unconstitutional" in light of the United States Supreme Court Opinion in Johnson v. United States, 135 S. Ct. 2551 (2015).  (Id. at 6-7.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases,[2] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions.  Erickson v. Pardus, 551 U.S. 89 (2007).  *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially

---

[1] Petitioner describes the two prior felonies as a "home invasion robbery" and a controlled substance offense.

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241.  See Rule 1(b).



meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Vial, 115 F.3d at 1194 n.5. A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the savings clause in § 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.



28 U.S.C. § 2255(e); see also Rice, 617 F.3d at 807 (providing that if a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction).

The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Moreover, the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction, Rice, 617 F.3d at 807, and does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also Rouse v. Wilson, 584 F. App'x 76 (4th Cir. 2014) (finding that the district court properly determined that a petitioner could not challenge a career offender enhancement under § 2241); Farrow v. Revell, 541 F. App'x 327 (4th Cir. 2013) (holding that a petitioner's challenge to an Armed Career Criminal Act ("ACCA") sentence enhancement was not cognizable under § 2241 via the § 2255 savings clause). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

In this case, Petitioner relies on the United States Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015) (holding the residual clause of the ACCA unconstitutionally vague), for relief. However, Johnson did not address the constitutionality of the career offender provision of the United States Sentencing Guidelines § 4B1.1.[3] Nor did Johnson decriminalize the conduct for which Petitioner was convicted, and therefore, under Fourth Circuit precedent he would be unable to satisfy § 2255's savings clause to seek relief under § 2241 based on Johnson's holding. See Swanson v. Zych, C/A No. 7:15CV00398, 2015 WL 5307999, at *1 (W.D. Va. Sept. 10, 2015) ("Because the Johnson decision had no effect on the criminality of [the petitioner's] offense conduct . . . he cannot proceed with his claim under § 2241."); see also Rice, 617 F.3d at 807. Instead, Petitioner challenges the legal classification of a predicate offense under a different statute, which the Fourth Circuit has deemed insufficient to trigger relief under the savings clause. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010); see also Diaz v. Warden FCI Bennettsville, C/A No. 4:15-00237-BHH, 2016 WL 4168606, at *2-3 (D.S.C. Aug. 8, 2016).

Petitioner further argues that his claims are cognizable under § 2241 in light of Persaud v. United States, 134 S. Ct. 1023 (2014) (remanding claims brought pursuant to § 2255 and § 2241 to

---

[3] The substantive issue raised by Petitioner—whether the United States Sentencing Guideline's definition of crime of violence is unconstitutional in light of Johnson—has divided Circuit Courts of Appeals that have decided the issue. Several Circuits have found Johnson's reasoning does not apply to the sentencing guidelines. See e.g. In re Arnick, No. 16-10328, __ F.3d __, 2016 WL 3383487 (5th Cir. June 17, 2016); United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015). Other Circuits have found the rule in Johnson applies to the sentencing guidelines. See e.g. United States v. Hurlburt, __ F.3d __, 2016 WL 4506717 (7th Cir. Aug. 29, 2016); United States v. Pawlak, 822 F.3d 902 (6th Cir. 2016); United States v. Townsend, 638 F. App'x 172 (3d Cir. 2015); United States v. Madrid, 805 F.3d 1204 (10th Cir. 2015). However, the Supreme Court is set to resolve this issue in the upcoming term. See Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), cert. granted 136 S. Ct. 2510 (June 27, 2016). The court notes that no matter the outcome in Beckles, Petitioner's § 2241 petition would remain an inappropriate procedural vehicle to challenge his sentence.



the Fourth Circuit for further consideration of the Government's argument in favor of relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (holding that a district court must look to whether a particular defendant could receive more than one year in prison based upon his offense class and prior record level to determine whether a North Carolina conviction may serve as a predicate offense for purposes of sentence enhancement); and United States v. Surratt, 797 F.3d 240 (4th Cir. 2015), petition for rehearing en banc granted, Dec. 12, 2015).  However, none of these cases renders the conduct for which Petitioner was convicted non-criminal, nor have these cases announced a new rule of constitutional law that would affect Petitioner's conviction.  As Petitioner cannot satisfy the criteria to invoke § 2255's savings clause and proceed under § 2241, this court lacks jurisdiction to consider the Petition in this case.  See Rice, 617 F.3d at 807.

Because Petitioner is foreclosed from bringing a § 2241 habeas petition in this court to challenge his sentence, Petitioner's remedy, if any, appears to be to seek permission to file a § 2255 motion in the court in which he was sentenced by filing a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Eleventh Circuit.  See § 2255(h).  Petitioner may obtain the forms for such a motion from the Eleventh Circuit Court of Appeals Clerk of Court's Office.

**III.    Conclusion**

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 31, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).