IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| TIMOTHY WIMS, *also known as* Timothy Derrinado Davis, *also known as* John Darren Delgado,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN, FCI Edgefield<br><br>    Respondent. | Civil Action No.: 0:16-2302-RBH<br><br><br><br>**ORDER** |

Petitioner Timothy Wims, an inmate confined at Federal Correctional Institution in Edgefield, and proceeding *pro se,* brought this habeas corpus petition pursuant to 28 U.S.C. § 2241. [ECF #1]. Currently pending before this Court is the Report and Recommendation of Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District Court of South Carolina. The Magistrate Judge recommends that the petition be dismissed without prejudice and without requiring the respondent to file a return. [ECF #15]. Petitioner timely filed objections to the Report and Recommendation on September 16, 2016. [ECF #18].

**Factual Background and Procedural History**

The procedural history and factual background were adequately set forth in the Report and Recommendation. [ECF #15, pp. 1-2]. Briefly stated, it appears from the petition that on May 10, 2006, Petitioner was sentenced by the United States District Court fo the Northern District of Florida for 360 months imprisonment following a guilty plea for conspiracy to manufacture,

1

distribute and to possess with intent to manufacture and distribute more than five kilograms of cocaine and more than 50 grams of cocaine base. [ECF #1, p. 3]. Petitioner states he was sentenced as a "career offender" pursuant to the United States Sentencing Guideline § 4B1.1 based on two prior felony convictions including a home invasion robbery and a controlled substance offense. [ECF #1, p. 7]. Petitioner contends that his sentence was on the "low end" of the Guideline range. [ECF #1, p. 8 ]. On May 19, 2006, Petitioner filed a Notice of Appeal, which was subsequently denied by the Eleventh Circuit Court of Appeals on February 21, 2007. [ECF #1, p. 4]. On April 7, 2008, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [ECF #1, p. 4]. On October 21, 2011, this motion was denied. [ECF #1, p. 4]. After Petitioner filed a motion seeking a certificate of appealability, the Eleventh Circuit Court of Appeal denied his § 2255 appeal and denied his request for a certificate of appealability. [ECF #1, p. 9]. On June 27, 2016, Petitioner filed this § 2241 habeas petition challenging his sentence, arguing that the "sentencing enhancement as a career offender is unconstitutional" in light of *Johnson v. United States*, 135 S. Ct. 2551(2015). This matter is now before the Court for review.

## **Legal Standard of Review**

This court is required to liberally construe pro se petitions. *Erickson v. Pardus*, 551 U.S. 89 (2007). The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the

recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*

## Discussion

A § 2241 petition "generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison convictions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citing Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997)). Petitioner argues that his sentence should be vacated for resentencing because his prior convictions no longer qualify as predicate offenses under the United States Sentencing Guidelines for the purposes of the career offender enhancement.

In the Report and Recommendation, the Magistrate Judge considered and rejected Petitioner's argument that he should be allowed to proceed under § 2241 because he has satisfied the savings clause of § 2255(e). Thus, the Magistrate Judge recommended finding that Petitioner failed to satisfy the savings clause of § 2255 and could not pursue relief through a § 2241 habeas petition in this court. [ECF #15]. The Magistrate Judge explained that a motion filed under § 2241 is normally used to challenge the manner in which a sentence is executed. *See In re Vial*, 115 F.3d 1192, 1994, n. 5 (4th Cir. 1997). The savings clause in § 2255(e) states that an

individual may file a petition for writ of habeas corpus under Section 2241 if Section 2255 is "inadequate or ineffective to test the legality of his detention."

In his objections, Petitioner argues that he is entitled to file his petition because the Fourth Circuit has not addressed the circumstances under which a § 2255 is inadequate or effective to test whether his detention is illegal; thus he must resort to a § 2241 habeas petition. [ECF #18, p. 3]. Petitioner further argues that the Magistrate Judge erred in concluding that the savings clause does not permit him to file his petition because he is challenging his sentence, rather than his conviction. [ECF #18, p. 6].

As the Magistrate Judge noted, Petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). The mere fact that relief under § 2255 is procedurally barred or barred by the gate-keeping requirements of § 2255(h) does not render the remedy of § 2255 inadequate or ineffective. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). The Fourth Circuit has held that a petitioner must establishing the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

4

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333–34. This Court agrees with the Magistrate Judge that Petitioner has failed to establish the above criteria because he is challenging the application of the career offender enhancement to his sentence, rather than challenging the legality of his conviction. The savings clause does not extend to a petitioner, such as Petitioner herein, who is challenging his sentence. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008). Similarly, in *Farrow v. Revell*, the Fourth Circuit acknowledged that a "challenge to [] armed career criminal status is not cognizable in a § 2241 petition." *Farrow v. Revell*, 541 Fed. App'x 327, 328 (4th Cir. 2013).

In his objections, Petitioner again relies upon the recent Supreme Court decision handed down in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.[1] However, *Johnson* does not affect the criminality of the conduct for which Petitioner was sentenced. Thus, Petitioner is unable to satisfy the saving's clause to seek relief under § 2241 based on the holding in *Johnson*. Accordingly, because Petitioner does not satisfy the criteria to invoke § 2255's savings clause, he cannot proceed with his motion under § 2241, and this

---

[1] *Johnson* did not rule on the constitutionality of the career offender provisions of the United States Sentencing Guidelines.

5

Court lacks jurisdiction to consider his petition. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir 2010).

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes that Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### Conclusion

After reviewing the entire record, and for the reasons stated above and by the Magistrate Judge in the Report and Recommendation, this Court overrules Petitioner's objections [ECF #18] and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. [ECF #15].

**IT IS THEREFORE ORDERED** that Petitioner's habeas petition [ECF #1] is **DISMISSED WITHOUT PREJUDICE. IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

| | |
|---|---|
| Florence, South Carolina<br>February 6, 2017 | s/ R. Bryan Harwell<br>R. Bryan Harwell<br>United States District Judge |